**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILBERT F. KONGTCHEU, | Civil Action No.: 2:13-cv-1856 |
| Plaintiff, | |
| v. | **OPINION** |
| SECAUCUS HEALTHCARE CENTER, LLC, | |
| Defendant. | |

**CECCHI, District Judge.**

There are three motions before the Court, Defendant's motion to dismiss (ECF No. 21) and Plaintiff's two cross-motions to strike (ECF Nos. 25 and 26). The Court decides the motions without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.[1] For the reasons set forth below the Court will administratively terminate Defendant's motion to dismiss without prejudice and deny Plaintiff's motions to strike.

**I.    BACKGROUND**

Plaintiff was a resident at Defendant's long-term healthcare facility, and this dispute arises out of numerous Complaints by Plaintiff regarding his care at that facility. In his original Complaint, Plaintiff alleges that his room was unsuitable, that residents and nurse's aides were stealing his property, that his roommate's medical issues disturbed him, and that his room would

---

[1] The Court considers any new arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

flood. (ECF No. 1 ¶ 5). Plaintiff further avers that the food at the facility was "terrible" and that his attempts to cook his own food or to purchase food to be prepared for him were unreasonably thwarted. (Id. ¶¶ 6-7). Plaintiff states that the shower room's unsanitary conditions caused him damage, that he was given incorrect medications, and that his personal property was damaged or stolen. (Id. ¶¶ 8-10). Plaintiff also complains that Defendant and its agents did not carefully guard his personal information, and did not fulfill his needs for special medical equipment. (Id. ¶¶ 11-12). Plaintiff claims that he was subject to harassment and assault by Defendant's staff, that Defendant redirected his supplemental security income payments without his permission and that Defendant tampered with his mail. (Id. ¶¶ 13-14).

Plaintiff submitted serial Amended Complaints[2] setting forth further allegations. In the first of these Amended Complaints, Plaintiff alleges that he was not allowed to iron while living at Defendant's facility. (ECF No. 4 ¶ 6). Plaintiff alleges that he was served improperly labeled supplements, and that his discussions with Defendants regarding the labeling immediately preceded the initiation of involuntary discharge proceedings against him, and that this seemed to be an act of reprisal. (ECF No. 4 ¶¶ 7-8). Plaintiff sought relief barring Defendant from evicting him. In the second of these Amended Complaints, Plaintiff alleges that Defendant entered his room without permission and removed his personal items and tampered with his mail. (ECF No. 5 ¶¶ 2-

---

[2] The Court notes that Plaintiff filed these Complaints without leave of court, and that the Amended Complaints are difficult to understand since they do not set out his allegations in a complete document with separately numbered paragraphs. The Court notes that these filings violate the federal rules. Fed. R. Civ. P. 15(a)(1)("[a] party may amend its pleading **once** as a matter of course") (emphasis added). However, given the liberal standards for *pro se* filings, the Court will address the merits of all of Plaintiff's allegations. However, Plaintiff is warned that filing additional complaints without leave of court or written consent of Defendant may result in sanctions.

3). In the third of these Amended Complaints, Plaintiff re-submitted his allegations regarding the Defendant's entry to his room. (ECF No. 7 ¶¶ 2-6). Plaintiff alleges that he reported the matter to the Secaucus Police, who he alleges spoke with the management but did not investigate further. (Id. ¶ 9). Plaintiff further alleges that Defendants attempted to forcibly enter his room to insert another bed into it, and that the police were called by the facilities to assist. (Id. ¶¶ 12-20). Plaintiff alleges that once the police arrived, the police threatened him with arrest, but that the police did not arrest him after he threatened to record the incident. (Id. at ¶ 21-22). Plaintiff claims that the incident increased his stress levels, which aggravates his medical conditions. (Id. at ¶¶ 26-28, 36-37). Plaintiff sought to add the Seacaucus Town Police department as a defendant on state law claims. (Id. at ¶ 39). In the final Amended Complaint, Plaintiff alleges that the defendant treated him differently because he receives Medicaid, and adds allegations regarding the obstruction of his mail. (ECF No. 23 ¶¶ 5-6).

Defendant moved to dismiss. This Court has jurisdiction under 28 U.S.C. § 1331.

## II.   LEGAL STANDARD

### A.   Motion To Dismiss

For a complaint to survive dismissal pursuant to Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In other words, "[a] pleading that offers labels and conclusions or a formulaic

3

recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations and quotations omitted).

### B.  Standard For Reviewing *Pro Se* Filings

Because Plaintiff is a *pro se* litigant, his filings are entitled to a liberal construction. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). This Court therefore has a special obligation to discern both the nature of the relief and the appropriate law to govern his request. Id.

### III.  PLAINTIFF'S FEDERAL CLAIMS

Liberally construing Plaintiff's complaints, it appears as though he has asserted as many as ten separate claims that might arise under federal law. These are: (1) violation of HIPAA privacy rights, 45 C.F.R. 160-164 (ECF No. 1 ¶ 20); (2) a violation of the resident's rights regulations that an institution must meet in order to qualify for certain participation in the Medicare and Medicaid programs, 42 C.F.R. § 483.10 (ECF No. 1 ¶ 18); (3) violation of criminal statutes against wire fraud, 18 U.S.C. §§ 1343 and 1346 (ECF No. 1 ¶ 24); (4) violations of the criminal statute against obstruction of correspondence, 18 U.S.C. § 1702 (ECF No. 1 ¶ 40); (5) violation of the Food Drug and Cosmetic Act as amended by the Nutrition Labeling and Education Act, 21 U.S.C. § 301 (Id.); (6) violation of the Americans with Disabilities Act, Title III ("ADA"), 42 U.S.C. §§ 12181-12189 (Id.); (7) violations of the False Claims Act ("FCA") under 31 U.S.C. §§ 3729-3733 (ECF No. 1 ¶ 27); (8) violation of the requirements for nursing facilities under 42 U.S.C. § 1396r (ECF No. 4 ¶ 4); (9) violation of his First Amendment rights by Defendant (ECF No. 5 ¶ 4); and (10) a violation of his Fifth Amendment rights by Defendant (ECF No. 23 ¶ 3).

Although Defendant styles its motion as one to dismiss the entire Complaint, Defendant does not address each one of these claims. This leaves the Court with an undeveloped record upon

which to make a determination. In particular, Defendant does not address (1) Plaintiff's ADA claims, (2) Plaintiff's Federal FCA claims, (3) Plaintiff's claims of violation of the requirements for nursing facilities under 42 U.S.C. § 1396r or (4) Plaintiff's constitutional allegations.

There are also two other procedural issues which make a thorough review difficult. First, Plaintiff's Fourth Amended Complaint was filed after Defendant's motion to dismiss. Second, since this motion was filed, Plaintiff has submitted a motion for a preliminary injunction that sets out additional facts relevant to the Parties' dispute. Accordingly, in light of the incomplete briefing, the posture of this motion relative to the Fourth Amended Complaint, and the subsequent application for injunctive relief, the Court will terminate this motion and give Plaintiff an opportunity amend his Complaint so that the parties can have a full opportunity to argue their respective positions. See Daewoo Elec. Am. Inc., v. T.C.L. Indus. (H.K.) Holdings, 2008 WL 5136937, at *3 (D.N.J. Dec. 5, 2008) (citing U.S. S.E.C. v. Infinity Grp. Co., 212 F.3d 180, 197 (3d Cir. 2000) ("Matters of docket control and scheduling are within the sound discretion of the district court.").

## IV.   DEFENDANT'S REQUEST TO ARBITRATE

On **reply** in support of its motion to dismiss, Defendant argues for the first time that Plaintiff must arbitrate this dispute due to a contract between Plaintiff and Defendant. (Def. Rep. at 4). Plaintiff responds that he does not recall signing the document, and surmises that he was not shown the entire agreement. (ECF No. 26 at 4). The Court declines to address an issue raised by Defendant improperly on reply. However, because this case is still in its early stages, this is without prejudice to any future filing of a properly noticed motion to arbitrate in this case. Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207, 223 (3d Cir. 2007) (waiver of arbitration "will normally be found only where the demand for arbitration came long after the suit commenced and when both

parties had engaged in extensive discovery") (internal quotations omitted).

## V. PLAINTIFF'S MOTIONS TO STRIKE

Plaintiff seeks to strike portions of Defendant's Affidavit and portions of Defendant's briefing. (ECF No. 25 at ¶¶ 1-4 (seeking to strike affidavits, exhibits, and "all speculations on the plaintiff's motives for filing the complaint as immaterial for the purpose of this motion.")). Under Rule 12(f) a party may move to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court has considerable discretion in deciding a motion to strike. Jones v. U.S., No. 10-cv-3502, 2012 WL 2340096, at *2 (D.N.J. June 18, 2012) (quotations omitted). Motions to strike are disfavored and will be denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." In re Schering-Plough Corp./Enhance Sec. Litig., No. 08-cv-397, 2009 WL 1410961, at *1 (D.N.J. May 19, 2009). Although Rule 12(f) applies to pleadings, it has been applied using this standard to other documents by other courts in this district. See Jones, 2012 WL 2340096, at *2. However, it has also been held that a brief is not a "pleading" which is properly the subject of a motion to strike. Rivera v. U.S., No 12-cv-1339, 2013 WL 826396, at *1 (M.D.Pa. April 30, 2013), see also Hrubec v. Nat'l R.R. Passenger Corp., 829 F.Supp. 1502, 1506 (N.D.Ill. 1993); Rule 7(a) (listing pleadings allowed).

In any event, the Court finds that plaintiff has not shown that the assertions in Defendant's submissions are irrelevant, cause prejudice, or confuse the issues in this case.[3] Accordingly,

---

[3] The Court is mindful that, other than "certain narrowly defined types of material," it may not consider matters outside the pleadings in deciding a motion to dismiss without converting the motion into one for summary judgment. In re Rockefeller Center Properties, Inc. Securities Litigation, 184 F.3d 280, 287 (3d Cir. 1999).

6

Plaintiff's motion to strike is denied.

## VI. <u>CONCLUSION</u>

Defendant's motion to dismiss will be terminated without prejudice. Plaintiff's motions to strike will be denied. An appropriate order accompanies this opinion.

**DATED:** May 30, 2014

_____
**CLAIRE C. CECCHI, U.S.D.J.**