NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILBERT F. KONGTCHEU, <br><br> Plaintiff, <br><br> v. <br><br> SECAUCUS HEALTHCARE CENTER, LLC, <br><br> Defendant. | Civil Action No.: 2:13-cv-1856 <br><br> **OPINION** |

**CECCHI, District Judge.**

Before the Court are two of Plaintiff's motions. The first is an application seeking injunctive relief (ECF No. 28). The second is styled as a "motion for injunctive relief and declaratory judgment" (ECF No. 30). The Court held a hearing on the motions on March 28, 2014.[1] For the reasons set forth below the Court will deny Plaintiff's motion for injunctive relief (ECF No. 28) as moot, and will deny Plaintiff's motion for injunctive relief and declaratory judgment (ECF No. 30). Plaintiff shall be given 90 days to amend his Complaint to add factual allegations related to his second application for injunctive relief.

## I. BACKGROUND

Plaintiff was a resident at Defendant's long-term healthcare facility, and this dispute arises out of numerous Complaints by Plaintiff regarding his care at that facility. (ECF No. 28-2 ¶ 2).

---

[1] The Court considers any new arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

Before a trip to China, Plaintiff filed a motion seeking an order barring Defendants from entering his room and removing his electrical appliances while he was away. (ECF No. 28). Defendant opposed, and submitted a policy document indicating that Plaintiff's electrical appliances violated their internal safety policies. (ECF No. 29). Upon return from his medical trip to China, Defendant denied Plaintiff's admission to the facility, and Plaintiff appeared in court to orally petition the court for an order readmitting him into the facility. The Court allowed the parties additional briefing, and reserved judgment on that petition.

The Parties agreed at oral argument regarding this petition that the initial motion for injunctive relief (ECF No. 28) was moot, and agreed to a briefing schedule regarding Plaintiff's new application. Plaintiff's new application (ECF No. 30) was submitted on April 11, 2014. That application seeks: (1) a declaration that Defendant's refusal to admit Plaintiff into the facility violated 42 U.S. § 1396r(c)(2)(B)-(D); (2) a declaration that Defendant's refusal to admit Plaintiff into the facility violated N.J.A.C. 8:43-4.13; (3) a declaration that Defendant's refusal to admit Plaintiff into the facility violated Plaintiff's rights to due process under the Fifth and Fourteenth Amendments; (4) a declaration that Defendant "acted with willful and wanton disregard for the Plaintiff's welfare or safety;" (5) damages for the additional costs of lodging, transportation, and medical care; and (6) compensatory and punitive damages, as well as statutory fines and penalties. (ECF No. 30 at 5-6). Defendants filed an opposition arguing that Plaintiff was properly discharged and that they had no obligation to re-admit him. (ECF No. 31). Plaintiff filed a reply in which he seeks to strike portions of Defendant's brief, and in which he argues that he was improperly discharged by Defendant under applicable Medicaid regulations and state law. (ECF No. 32 at 1-2). In that reply, Plaintiff also requested an order allowing him to return to the facility to his old room "if he wishes to." (ECF No. 32 at 10).

## II. LEGAL STANDARDS

### A. Preliminary Injunction

Preliminary injunctive relief, in the form of a temporary restraining order or a preliminary injunction is an "extraordinary remedy" and "should be granted only in limited circumstances." Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004). The standard for granting a temporary restraining order is the same as the standard for granting a preliminary injunction. Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988). In order to be entitled to either, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) the probability of irreparable harm; (3) the lack of harm to the other party; and (4) that the relief sought is in the public interest. Allegheny Engery, Inc. v. DQE, Inc., 171 F.3d 153, 158 (3d Cir. 1999). A plaintiff's failure to establish any element in its favor renders a preliminary injunction inappropriate. Conestoga Wood Specialties Corp. v. Sec'y of U.S. Dept. of Health and Human Serv., 724 F.3d 377, 382 (3d Cir. 2013).

### B. Standard For Reviewing *Pro Se* Filings

Because Plaintiff is a *pro se* litigant, his filings are entitled to a liberal construction. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). This Court therefore has a special obligation to discern both the nature of the relief and the appropriate law to govern his request. Id.

## III. DISCUSSION

### A. Plaintiff's Application

Though Plaintiff's application (ECF No. 30) is styled as a request for a preliminary injunction, Plaintiff's requested relief appears to be for summary judgment on the merits of his claims. Further, it appears that Plaintiff no longer claims a need for emergent relief, seeking money damages for the alleged harms, and to return to his room at the facility only "if he wishes to." (ECF

No. 30 at 5-6; ECF No. 32 at 10). With respect to the money damages, Plaintiff does not claim irreparable harm because he has presented nothing "uniquely threating" about his particular loss of money. Adams v. Freedom Forge Corp., 204 F.3d 475, 485 (3d Cir. 2000) (reversing district court preliminary injunction as to some plaintiffs when those plaintiffs had not presented evidence that increased costs absent an injunction would cause them hardship). With respect to the return to his room, although Plaintiff claims that the removal from his room harmed him, he does not state unequivocally that he wishes to return, or that a failure to return is causing him irreparable harm. Id. at 488 ("the risk of irreparable harm must not be speculative"). Accordingly, the Court finds an absence of irreparable harm.

Because there is no irreparable harm absent a preliminary injunction, "[i]t is unnecessary for the Court to address the remaining factors in the injunctive relief analysis." Tillery v. Hayman, No. 07-2662, 2008 WL 5416392, *3 (D.N.J. Dec. 22, 2008). Indeed, the Third Circuit recently reaffirmed that a "plaintiff's failure to establish any element in its favor renders a preliminary injunction inappropriate." Contestoga, 724 F.3d at 382.

Accordingly, the court will deny Plaintiff's application for a preliminary injunction. (ECF No. 30). However, the Court will give Plaintiff leave to file an Amended Complaint to include allegations arising out of the facts described in his application. See Daewoo Elec. Am. Inc., v. T.C.L. Indus. (H.K.) Holdings, 2008 WL 5136937, at *3 (D.N.J. Dec. 5, 2008) (citing U.S. S.E.C. v. Infinity Grp. Co., 212 F.3d 180, 197 (3d Cir. 2000) ("Matters of docket control and scheduling are within the sound discretion of the district court.").

**B.    Plaintiff's Motion To Strike**

Plaintiff also seeks to strike Defendant's characterization of the dispute in Defendant's briefing. (ECF No. 32 ¶ 3). Under Rule 12(f) a party may move to "strike from a pleading an

4

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court has considerable discretion in deciding a motion to strike. Jones v. U.S., No. 10-cv-3502, 2012 WL 2340096, at *2 (D.N.J. June 18, 2012) (quotations omitted). Motions to strike are disfavored and will be denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." In re Schering-Plough Corp./Enhance Sec. Litig., No. 08-cv-397, 2009 WL 1410961, at *1 (D.N.J. May 19, 2009). Although Rule 12(f) applies to pleadings, it has been applied using this standard to other documents by other courts in this district. See Jones, 2012 WL 2340096, at *2. However, it has also been held that a brief is not a "pleading" which is properly the subject of a motion to strike. Rivera v. U.S., No 12-cv-1339, 2013 WL 826396, at *1 (M.D.Pa. April 30, 2013), see also Hrubec v. Nat'l R.R. Passenger Corp., 829 F.Supp. 1502, 1506 (N.D.Ill. 1993); Rule 7(a) (listing pleadings allowed).

In any event, the court finds that it has not been shown that the assertions in Defendant's brief are irrelevant, cause prejudice, or confuse the issues in this case. Accordingly, Plaintiff's motion to strike is denied.

## IV.     CONCLUSION

Plaintiff's motions are denied. Plaintiff shall be given leave to amend his Complaint. An appropriate order accompanies this opinion.

DATED: May 30, 2014

_____
CLAIRE C. CECCHI, U.S.D.J.

5